UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MAKSADDZHON A.,** | Civil Action No. 25-13734 (MCA) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| **YOLANDA PITTMAN, et al.,** | |
| Respondents. | |

  Petitioner Maksaddzhon A. has filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his prolonged detention without an individualized bond hearing. (ECF No. 1.) On December 11, 2025, Petitioner filed a motion for a preliminary injunction seeking immediate release based on his medical and mental health conditions. (ECF No. 7.) For the reasons explained below, the Court finds that Petitioner's detention under 8 U.S.C. § 1225(b) has become unreasonably prolonged in violation of the Due Process Clause and therefore directs Respondents to provide an individualized bond hearing to Petitioner within 7 days. The Court denies without prejudice the motion for a preliminary injunction seeking release (ECF No. 7) in light of the relief provided.

  The following facts appear undisputed. Petitioner, a native and citizen of Tajikistan, applied for admission at the Calexico West Port of Entry in Calexico, California on August 3, 2023. (Petition at ¶ 22, ECF 1-4 (Notice to Appear).) Petitioner did not present valid entry documents as required by 8 U.S.C. § 1182(a)(7)(A)(i)(I), and, accordingly, U.S. Customs and Border Protection ("CBP") classified Petitioner as an inadmissible alien under § 1182 and placed him in expedited removal proceedings under 8 U.S.C. § 1225(b)(1). (*Id.* at ¶ 23; Notice to

Appear.)  U.S. Citizenship and Immigration Services ("USCIS") determined, however, that Petitioner demonstrated a credible fear of returning to his country and transferred his asylum matter to the immigration court for further proceedings.  (Petition at ¶ 23; Notice to Appear; ECF No. 1-5, Credible Fear Determination; ECF No. 1-7, Jul. 22, 2025 Parole Denial.)  On August 21, 2023, U.S. Immigration and Customs Enforcement ("ICE") released Petitioner from detention on parole under 8 C.F.R. 212.5(b).  (Petition at ¶ 24; ECF No. 1-6, Sept. 13, 2024 Revocation of Parole.)

On September 13, 2024, ICE terminated Petitioner's parole, and he has been detained at the Elizabeth Contract Detention Facility since September 13, 2024, pending the conclusion of his removal proceedings. (*Id.*)  Petitioner unsuccessfully sought reconsideration of that decision.  (*See* ECF No. 1-3, Petitioner's Declaration at ¶ 3, 5; ECF No. 1-7.)

On May 21, 2025, an Immigration Judge ("IJ") granted asylum to Petitioner.  (ECF No. 1-8.)  ICE appealed that decision (ECF No. 1-9), and the case is currently pending before the Board of Immigration Appeals ("BIA").  *See* 8 C.F.R. § 1003.39.

Petitioner's counsel provided an update regarding the appeal (ECF No. 6), which the Court considers uncontested.  On October 22, 2025, the BIA issued a briefing schedule. (ECF No. 6-1.)  Both parties have until November 12, 2025 to file their briefs, and either party may seek a twenty-one-day extension of that deadline.  (*Id.* (citing BIA Practice Manual 4.7(c)(1)(B)). According to Petitioner's counsel, if the BIA grants the appeal, it would likely remand to the IJ for further proceedings.  (*Id.*)

Respondents contend that they must continue to detain Petitioner under § 1225(b) until Petitioner's proceedings in the BIA resolve and that they have denied his requests for parole, citing a lack of "compelling humanitarian factors" that support parole.  Respondents further

contend that this Court cannot review the decision to revoke Petitioner's parole and that even if it could, those decisions comply with relevant law. (*See* ECF No. 4.)

The Court begins with the issue of unreasonably prolonged detention, which is prohibited by the Due Process Clause. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The parties appear to agree that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). In *Jennings v. Rodriguez*, the Supreme Court held that "nothing in the statutory text [of § 1225(b)] imposes any limit on the length of detention" and that nothing in the statute "says anything whatsoever about bond hearings." 583 U.S. 281, 297 (2018). Although *Jennings* held that the plain language of 8 U.S.C. §§ 1225(b), 1226(c), and 1226(a) do not require periodic bond hearings every six months, *id.* at 297-306, the Court did not determine whether noncitizens subjected to prolonged detention under those statutes are entitled to bond hearings as a matter of due process. *See id.* at 312.

Subsequently, in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210 (3d Cir. 2020), the Third Circuit recognized that "an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause [of the Fifth Amendment]." Thus, where a noncitizen is mandatorily detained pending removal proceedings under 8 U.S.C. § 1226(c), the Due Process Clause demands a bond hearing once detention has become "unreasonably prolonged." *Id.* at 210–11. This is a "highly fact-specific inquiry" without a bright line. *Id.* There are four factors for consideration: (1) the duration of the petitioner's detention; (2) the likelihood of continued detention; (3) the reasons for any delay; and (4) the conditions of the petitioner's confinement. *Id.* at 212 (citing the factors in *Chavez-Alvarez v. Warden York C'ty Prison*, 783 F.3d 469, 475-78 (3d Cir. 2015)).

"The most important factor is the duration of detention," and "a lawful permanent resident's detention [becomes] unreasonable sometime between six months and one year." *See id.* at 211 (citing *Chavez-Alvarez*, 783 F.3d at 475-78). In addition to the length of detention, the Court must consider the likelihood of continued detention, and "[w]hen the noncitizen's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." *See id.* (citing *Chavez-Alvarez*, 783 F.3d at 477–78). Courts must also consider the reasons for any delays, including "whether either party made careless or bad-faith 'errors in the proceedings that caused unnecessary delay.'" *Id.* at 211 (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 232 (3d Cir. 2011). However, "[c]ourts do not count a petitioner's good faith good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings." *Id.* (citing *Chavez-Alvarez*, 783 F.3d at 476–77). Finally, courts must consider whether the noncitizen's "conditions of confinement are 'meaningfully different[ ]' from criminal punishment." *Id.* (quoting *Chavez-Alvarez*, 783 F.3d at 478).

*German Santos* addressed the due process rights of permanent residents detained under § 1226(c). And "[n]either the United States Supreme Court nor the Court of Appeals for the Third Circuit has directly addressed whether arriving aliens detained under § 1225(b) have the same due process right to a bond hearing" after unreasonably prolonged detention.[1] *C.B. v. Oddo*, No. 3:25-cv-00263, 2025 WL 2977870, at *5 (W.D. Pa. Oct. 22, 2025); *Pierre v. Doll*, 350 F. Supp. 3d 327, 331 (M.D. Pa. 2018) ("neither the Supreme Court nor the Third Circuit has addressed

---

[1] Respondents argue that *German Santos* does not control this Court's analysis because it dealt with noncitizens detained under 8 U.S.C. § 1226(c). This Court, however, finds the Third Circuit's analysis in *German Santos* instructive on the issue of when detention under § 1225(b) becomes unduly prolonged.

whether due process requires a detainee, being held pursuant to § 1225(b), to receive a bond hearing following a certain period of detention, and this Constitutional issue remains expressly undecided"). Lower courts in this circuit have applied the test in *German Santos* in analyzing prolonged detention under § 1225(b). *See C.B. v. Oddo*, 2025 WL 2977870, at *5 (finding 10-month detention unreasonably prolonged after weighing the other factors); *Frank B. v. Green*, Civ. No. 19-346, 2020 WL 1673026, at *4 (D.N.J. Apr. 6, 2020) (finding 11-month detention unreasonable); *Tuser E. v. Rodriguez*, 370 F.Supp.3d 435, 442 (D.N.J. 2019) (finding nearly 20-month detention unreasonable).

This Court also applies *German Santos* in assessing whether Petitioner's detention has become unduly prolonged. Here, Petitioner has been detained since September 13, 2025, or more than 15 months, which is beyond the outer limit for § 1226(c) detainees, and it is unclear when the BIA will render its decision on the appeal filed by DHS. There is no indication that Petitioner is not acting in good faith or has caused any delays; indeed, the Immigration Court granted his asylum application, and DHS elected to appeal. Moreover, the Court considers Petitioner's medical needs in assessing whether his conditions of confinement are "meaningfully different" from criminal punishment, and finds that this factor also weighs in his favor. "Given its length, likelihood of continuing, and conditions, [Petitioner's detention] has become unreasonable." *German Santos*, 965 F.3d at 212.

For the reasons stated above, the Court grants Petitioner's § 2241 Petition. An immigration judge shall provide Petitioner with a bond hearing within seven (7) days, at which the Government bears the burden of showing that Petitioner is either a danger to the community or a flight risk. *See Tuser E.*, 370 F.Supp.3d at 443.

**THEREFORE**, it is on this \_\_\_\_ day of December 2025,

**ORDERED** that the Petition for writ of habeas corpus (ECF No. 1) is GRANTED;

**ORDERED** that an immigration judge shall provide Petitioner with a bond hearing within seven (7) days, at which the Government bears the burden of showing that Petitioner is either a danger to the community or a flight risk;

**ORDERED** that the motion for a TRO (ECF No. 7) is denied WITHOUT PREJUDICE in light of the relief provided; and it is further

**ORDERED** that Respondents shall update the Court in writing with the outcome of the bond hearing within 3 days after it occurs, at which time the Court will close this action.

<u>*s/ Madeline Cox Arleo*</u>
**MADELINE COX ARLEO**
**United States District Judge**