UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MAKSADDHON AKHEMEDOV,**<br><br>    **Petitioner,**<br><br>    v.<br><br>**YOLANDA PITTMAN, et al.,**<br><br>    **Respondents.** | Civil Action No. 25-13734 (MCA)<br><br>**MEMORANDUM & ORDER** |

This matter comes before the Court on Petitioner Maksaddhon Akhemedov's Motion to Enforce Judgment ("Motion"), in which he seeks to enforce the Court's December 17, 2025 Order granting him a bond hearing. (ECF No. 8.) Petitioner challenges the fundamental fairness of his bond hearing before the Immigration Judge and seeks release from detention during his removal proceedings. (ECF No. 10.) On January 14, 2026, Respondents filed a response in opposition to the Motion to Enforce Judgment. (ECF No. 12.) ("Response to Motion" or "Response"). On January 20, 2026, Petitioner filed a reply. (ECF No. 13.) ("Reply").

I.   BACKGROUND

Petitioner, a native and citizen of Tajikstan, has been detained at the Elizabeth Contract Detention Facility since September 13, 2024, pending the conclusion of his removal proceedings. (ECF No. 1, Petitioner's Habeas Petition.) Petitioner unsuccessfully sought reconsideration of that decision. (*See* ECF No. 1-3, Petitioner's Declaration at ¶ 3, 5; ECF No. 1-7.) On May 21, 2025, an Immigration Judge granted asylum to Petitioner. (ECF No. 1-8.) ICE appealed that decision (ECF No. 1-9), and the case is currently pending before the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. § 1003.39.

On July 25, 2025, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, challenging his prolonged detention by immigration authorities under 8 U.S.C. § 1226(b) without an individualized bond hearing. (ECF No. 1.) On December 11, 2025, Petitioner filed a Motion for a Preliminary Injunction seeking immediate release based on his medical and mental health conditions. (ECF No. 7.) On December 17, 2025, the Court (1) granted Petitioner's Petition for Writ of Habeas Corpus ordering an immigration judge to provide Petitioner with a bond hearing within seven (7) days, at which the Government must bear the burden of showing that Petitioner is either a danger to the community or a flight risk and (2) denied Petitioner's Motion for a Preliminary Injunction without prejudice. (ECF No. 8.) The Court held that Petitioner's detention, beginning on September 13, 2025, has become unreasonable, pursuant to *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210 (3d Cir. 2020), and accordingly ordered an individualized bond hearing. *Id.* Shortly thereafter, on December 23, 2025, Respondents filed a Status Report informing the Court that the Immigration Court held Petitioner's bond hearing on the same day. (ECF No. 9.)

      A.      **December 23, 2025 Bond Hearing**

On December 23, 2025, Petitioner appeared before IJ Arya Ranasinghe ("IJ Ranasinghe") at the Elizabeth Immigration Court for a bond hearing. (ECF No. 10-5, Bond Hearing Transcript ("Bond Hearing Tr.").) Petitioner submitted the following evidence in support of his request for bond:

- Sponsor Letter, including a copy of Sponsor's Legal Permanent Resident card, social security card, and 2024 corporate tax return
- Petitioner's non-detained change of address forms and hearing notice
- Transcript of Immigration Judge's Grant of Asylum to Petitioner

- Petitioner's brief on appeal to the BIA

- Copy of Petitioner's passport

*See* (ECF No. 10-4, Petitioner's Bond Evidence Submission.)

During the hearing, Petitioner's counsel made arguments as to why Petitioner should be released on bond. (Bond Hearing Tr. at 11-14.) IJ Ranasinghe then made the following findings of fact based on the records before her and the arguments of counsel:

- Petitioner is a beneficiary of an approved asylum application, which is not final because it is pending appeal before the BIA;

- Petitioner has a history of traveling internationally including Petitioner's arrival to the United States;

- Petitioner's address history is inconsistent because the driver's license he was issued in October 2023 indicates a different address than where Petitioner claims to reside and where he was eventually apprehended; and

- Petitioner is unlikely to appear at removal proceedings if his bond request or asylum application appeal is denied, which makes him a flight risk.

*See* Bond Hearing Tr. at 16-18. Petitioner's instant Motion follows.

### B.    Petitioner's Motion to Enforce Judgment

On January 8, 2026, Petitioner filed a Motion to Enforce Judgment seeking to enforce the Court's December 17, 2025 Order granting him a bond hearing. (ECF No. 10.) Petitioner alleges he was denied due process at his bond hearing on December 23, 2025, and seeks immediate release, or alternatively, an immediate bond hearing to determine whether the Government met its burden of showing that Petitioner is either a danger to the community or a flight risk by clear and convincing evidence. (*Id.* at 5.) The Court noted that it lacks jurisdiction to review discretionary determinations underlying the Immigration Judge's bond decision, but it can review whether the bond hearing was fundamentally unfair. (ECF No. 11, Jan. 9, 2026 Text Order.) Petitioner alleges

IJ Ranasinghe failed to hold Respondents to its burden of proof because she failed to (1) "apply the appropriate standard of proof[,]" (2) "consider critical evidence and instead focus[] on irrelevant factors[,]" and (3) "consider appropriate alternatives to detention[.]" (ECF No. 10 at 10, Petitioner's Motion.) On January 14, 2026, Respondents timely filed their Response to Petitioner's Motion, asserting that Petitioner received a fundamentally fair bond hearing. (ECF No. 12, Response at 3-4.)

## II.   DISCUSSION

As an initial matter, the Court's review of the bond hearing is limited in that it can only determine whether Respondents complied with the Court's December 17, 2025 Order. First, Petitioner argues that while IJ Ranasinghe acknowledged the Government bore the burden during the bond hearing pursuant to this Court's December 17, 2025 Order, she failed to indicate what standard of proof she was applying. (ECF No. 8.; ECF No. 10 at 10.) The Court ordered a bond hearing in accordance with *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020), at which the Government bears the burden of showing that Petitioner is either a danger to the community or a flight risk. (ECF No. 8.); *see German Santos*, 965 F.3d at 213 (holding that once detention of a noncitizen has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary). The standard of proof is critical because it "serves to allocate the risk of error between the litigants and reflects the relative importance attached to the ultimate decisions." *Id.* at 213. Under the clear and convincing evidence standard, factual findings are "highly probable," in contrast with the lower preponderance of the evidence standard. *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984) (citing C. McCormick, Law of Evidence § 320, p. 679 (1954)).

Petitioner also cites to *Chiguano v. Lowe*, No. 1:24-CV-02210, 2025 WL 3187161 (M.D. Pa. Nov. 14, 2025) to argue that IJ Ranasinghe's failure to specify the clear and convincing evidence standard warrants relief. ((ECF No. 10 at 11, Petitioner's Motion.)) In determining whether the petitioner's bond hearing was sufficiently individualized, the *Chiguano* court noted that,

> "the IJ was unclear about where the burden of proof lay, apparently suggesting that both parties . . . had a burden of proof" and that "the IJ failed to articulate a specific reason why she was denying bond to [the petitioner] and the reason for denying bond was ambiguous."

2025 WL 3187161, at *3.

After review of the parties' submissions, the bond hearing transcript, and consideration of the parties' arguments, the Court is unable to discern the standard of proof applied by IJ Ranasinghe. *Chiguano* is distinguishable from the instant matter in part, because there, the IJ was wholly unclear about which party held the burden of proof, whereas here, IJ Ranasinghe stated in plain terms that the Government bore the burden of proof. *See* Bond Hearing Tr. at 5 ("The burden's on the [D]epartment, right? So, Ms. Kim, I'll let the department speak first."); Bond Hearing Tr. at 16 ("The court finds that the Department of Homeland Security has met its burden of proof to demonstrate that this respondent is a flight risk."). Despite IJ Ranasinghe placing the burden of proof on the Government, she fails to refer or allude to the clear and convincing evidence standard, *German Santos*, or similar language in her findings of fact, making it unclear for this Court to discern the standard of proof applied during the bond hearing.

The Court notes that Petitioner's counsel stated the burden was "on the [D]epartment by clear and convincing evidence[,]" however, the Court remains unconvinced that this establishes that the entire hearing adhered to that standard. Bond Hearing Tr. at 11. As such, there is no indication by the Immigration Court as seen in the bond hearing transcript to determine the

standard of proof applied during the hearing, aside from IJ Ranasinghe placing the burden on the Government. While the Court did not expressly reference the "clear and convincing evidence" standard in its December 17, 2025 Order, *German Santos* makes clear that when the burden shifts to the Government, the applicable standard of proof is clear and convincing evidence. 965 F.3d at 213. Accordingly, the Court orders that the Immigration Court shall provide Petitioner with a new bond hearing applying the appropriate standard of proof because it is unclear what standard of proof the Immigration Court applied during the bond hearing.[1]

On February 6, 2026, Petitioner filed a Motion for Leave to Amend his Petition for Writ of Habeas Corpus ("Motion to Amend"). (ECF No. 14.) The Court will address Petitioner's Motion to Amend, if necessary, once Respondents have an opportunity to respond and after the conclusion of the new bond hearing.

For the reasons stated above, Petitioner's Motion to Enforce Judgment is granted. The Court hereby orders an Immigration Judge to provide Petitioner with a new bond hearing within seven (7) days, pursuant to the Court's December 17, 2025 Order (ECF No. 8.). At that hearing, the Government bears the burden of showing that Petitioner is either a danger to the community or a flight risk by clear and convincing evidence, pursuant to *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020).

**THEREFORE, it is on this 6th day of February 2026,**

**ORDERED** that Petitioner's Motion to Enforce Judgment (ECF No. 10.) is GRANTED;

---

[1] Petitioner further concedes that he received a bond hearing, but challenges the fundamental fairness of the bond hearing, arguing that IJ Ranasinghe failed to make an individualized determination as to the record before her. *See generally* (ECF No. 10, Petitioner's Motion.) Because the Court orders a new bond hearing, it does not reach the merits of the fundamental fairness determination of the December 23, 2025 bond hearing.

**ORDERED** that an Immigration Judge shall provide Petitioner with a new bond hearing within seven (7) days, pursuant to the Court's December 17, 2025 Order (ECF No. 8.). At that hearing, the Government bears the burden of showing that Petitioner is either a danger to the community or a flight risk by clear and convincing evidence, pursuant to *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020); and it is further

**ORDERED** that Respondents shall update the Court in writing with the outcome of the bond hearing within three (3) days after it occurs, at which time the Court will close this action.

    _s/Madeline Cox Arleo_
**MADELINE COX ARLEO**
**United States District Judge**