**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MAKSADDHON AKHEMEDOV,**<br>**Petitioner,**<br>**v.**<br>**YOLANDA PITTMAN, et al.,**<br>**Respondents.** | **Civil Action No. 25-13734 (MCA)**<br><br>**MEMORANDUM OPINION & ORDER** |

This matter comes before the Court on Petitioner Maksaddhon Akhemedov's ("Petitioner") Petition for a Writ of habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 8.), Petitioner's Motion for a Temporary Restraining Order ("TRO") or Preliminary Injunction, in which he seeks immediate release from custody (ECF No. 20 ("TRO Motion")), and his Motion for Leave to File an Amended Petition ("Amended Petition") asking the Court to decide his remaining revocation of parole claim from his initial Petition.[1] (ECF No. 14.)

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

### a. Petitioner's Detention History

Petitioner, a native and citizen of Tajikstan, applied for admission at the Calexico West Port of Entry in Calexico, California on August 3, 2023. (ECF No. 1-4, Notice to Appear.) Petitioner did not present valid entry documents as required by 8 U.S.C. § 1182(a)(7)(A)(i)(I), and, accordingly, U.S. Customs and Border Protection ("CBP") determined that he was an inadmissible alien under § 1182 and placed him in expedited removal proceedings under 8 U.S.C. § 1225(b)(1).

---

[1] Petitioner has also filed several pro se motions, which the Court addresses below.

(*Id.*) U.S. Citizenship and Immigration Services ("USCIS") subsequently determined, however, that Petitioner demonstrated a credible fear of returning to his country and transferred his asylum matter to the immigration court for further proceedings. (Pet. at 8-9; Notice to Appear; ECF No. 1-5, Credible Fear Determination; ECF No. 1-7, Jul. 22, 2025 Parole Denial.)

Petitioner was released on parole by the Department of Homeland Security ("DHS") on August 21, 2023. That express parole authorization expired one year from its issuance, i.e., on August 21, 2024. (*See* ECF No. 4-4.)

On September 13, 2024, ICE expressly terminated Petitioner's parole, stating that "neither urgent humanitarian reasons nor significant public benefit warrant your continued parole at this time." (ECF No. 1-6, Sept. 13, 2024 Revocation of Parole letter.) He was detained at Elizabeth Contract Detention Facility pending the conclusion of his removal proceedings. Following his arrest, he unsuccessfully sought reconsideration of the decision to deny his release on parole. (*See* ECF No. 1-3, Petitioner's Declaration at ¶ 3, 5; ECF No. 1-7, Apr. 15, 2025 and Jul. 22, 2025 Parole Denials.) Since September 13, 2024, Petitioner filed three requests for release on parole under 8 C.F.R. § 212.5(b) as implemented by ICE Directive 11002.1, Parole of Arriving Aliens Found to Have a Credible Fear of Persecution or Torture, each time providing additional evidence favoring his release, which were all respectively denied. (*See* ECF No. 1-6, Sept. 13, 2024 Revocation of Parole; ECF No. 1-7, Apr. 15, 2025 and Jul. 22, 2025 Parole Denials.)

**b. Petitioner's Underlying Asylum Proceedings**

Petitioner's underlying asylum proceedings are ongoing. On May 21, 2025, an Immigration Judge granted asylum to Petitioner. (Pet. at 9; ECF No. 1-8.) DHS appealed that decision (ECF No. 1-9), and, according to Respondents, the Board of Immigration Appeals ("BIA") reversed and remanded the matter on February 10, 2026; on April 1, 2026, the

Immigration Judge issued a decision denying Petitioner's applications and ordered Petitioner removed to Tajikistan. On April 27, 2026, Petitioner filed an appeal with the BIA. (*See* ECF No. 25.)

**c. The Habeas Proceedings**

On July 25, 2025, Petitioner filed his original Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition" or "Pet."), challenging his prolonged detention without an individualized bond hearing. (ECF No. 1.) On December 11, 2025, Petitioner filed a Motion for a Preliminary Injunction seeking immediate release based on his medical and mental health conditions. (ECF No. 7.) On December 17, 2025, the Court (1) granted Petitioner's Petition for Writ of Habeas Corpus ordering an immigration judge to provide Petitioner with a bond hearing, at which the Government must bear the burden of showing that Petitioner is either a danger to the community or a flight risk and (2) denied Petitioner's Motion for a Preliminary Injunction without prejudice. (ECF No. 8.) The Court held that Petitioner's detention, beginning on September 13, 2024, had become unreasonable, pursuant to *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210 (3d Cir. 2020), and accordingly ordered an individualized bond hearing. *Id.* Shortly thereafter, on December 23, 2025, Respondents filed a Status Report informing the Court that the Immigration Court held Petitioner's bond hearing on the same day. (ECF No. 9.)

On January 8, 2026, Petitioner filed a Motion to Enforce Judgment seeking to enforce the Court's Order granting him a new bond hearing. (ECF No. 10.) On February 6, 2026, the Court granted Petitioner's Motion to Enforce Judgment and ordered a new bond hearing. (ECF No. 15.)

On the same day, Petitioner filed the instant Motion for Leave to File an Amended Petition for Writ of Habeas Corpus seeking adjudication of the remaining revocation of parole claim from his initial Petition. (ECF No. 14.) Petitioner argues that ICE unlawfully revoked his parole without

making an individualized assessment and without affording him the opportunity to be heard, which violates due process. (Amended Pet. at 6.) On February 12, 2026, Petitioner's counsel filed a letter informing the Court that the Immigration Court held a new bond hearing and denied Petitioner's request for release on bond. (ECF No. 16.) On February 13, 2026, Respondents filed a Status Letter informing the Court of the same. (ECF No. 17.) Respondents have not submitted a response to Petitioner's Motion for Leave to File an Amended Petition.

However, on February 17, 2026, Respondents filed a Notice of Appeal, appealing the Court's December 17, 2025 Order granting Petitioner's initial Petition and ordering an individualized bond hearing before an immigration judge. (ECF No. 18.) That appeal appears to be stayed, however, and the remaining issue before the Court is not before the circuit court. (*See* App. No. 26-1363.)

On February 25, 2026, Petitioner filed a TRO Motion in which he seeks immediate release from custody based on the likelihood of success on his remaining parole revocation claim and his alleged medical and mental health conditions. (ECF No. 20.) Since that time, Petitioner has also filed other submissions pro se. (ECF Nos. 27-31.)

## I. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## II. DISCUSSION

### a. Motion for Leave to Amend to File an Amended Petition

Petitioner filed a Motion for Leave to file an Amended Petition seeking adjudication of his unlawful revocation of parole claim from his initial Petition based on the development of recent case law. (Amended Pet. at 6.) The Supreme Court has held that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions." *Mayle v. Felix*, 545 U.S. 644, 645 (2005) (quoting 28 U.S.C. § 2242). Rule 15 of the Federal Rules of Civil Procedure allows a petitioner to amend his petition once "as a matter of course," so long as it is filed within twenty-one days of the filing of the original pleading. *See* Fed. R. Civ. P. 15(a)(1)(A). Rule 15(a)(2) further provides that leave to amend a pleading should be "freely give[n] when justice so requires." Denying a motion for leave to amend must be justified. *Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Permissible justifications to deny include the following: (1) Undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment. *See Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995) (quoting *Foman*, 371 U.S. at 182)).

Rule 15 is a liberal standard such that delay is not undue, particularly where Petitioner seeks amendment based on the development of recent case law that may affect the Court's review of his unadjudicated revocation of parole claim. *Riley*, 62 F.3d at 90. Further, there is no indication of bad faith or dilatory motive, nor have Respondents demonstrated any undue prejudice that would result from granting the amendment. *Id.* Moreover, because Petitioner has not previously amended his Petition, there has been no repeated failure to cure deficiencies. *Id.* Lastly, the proposed amendment is not futile because it simply requests the Court to adjudicate Petitioner's revocation of parole claim from his initial Petition based on the development of recent case law.

*Id.* Respondents did not oppose or otherwise respond to the motion to amend. Accordingly, in the interest of justice, Petitioner's Motion for Leave to file an Amended Petition is granted.

**b. Petitioner's Revocation of Parole Claim**

Petitioner asserts that ICE's revocation of parole without an individualized process and repeated denials of Petitioner's requests for release on parole under 8 U.S.C. § 1182(d)(5)(A) violates the Administrative Procedure Act ("APA") and due process. (Amended Pet. at 16-17.) Petitioner specifically argues that ICE failed to abide by ICE Directives Nos. 11002.1 and 16004.1. (Amend. Pet. at 19.)

The Court begins by considering whether it has jurisdiction to review DHS's revocation of Petitioner's parole or its subsequent denials of release. In relevant part, 8 U.S.C. § 1252(a)(2)(B)(ii) strips federal courts of jurisdiction to review any "decision or action" of the "Secretary of Homeland Security the authority for which is specified under this subchapter to be in [his or her] discretion." Relying on the same, Respondents contend that the Court lacks jurisdiction to review parole decisions pursuant to § 1252(a)(2)(B)(ii). (*See* ECF No. 4 at 23-24, Answer) (quoting *Doe v. Rodriguez*, No. 17-1709, 2018 WL 620898, at *6 (D.N.J. Jan. 29, 2018) ("The effect of [§ 1252(a)(2)(B)(ii)] on habeas claims challenging discretionary parole denials is clear—the Government 'can and often does release . . . alien[s] on parole, but [the] decision to do so is not judicially reviewable.'").)

Parole authority over noncitizens seeking admission into the United States is governed by § 1182(d)(5)(A), which provides as follows:

> The Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes

> of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

The implementing regulation for parole authority under § 1182(d)(5)(A) is 8 C.F.R. § 212.5. Among the groups of noncitizens who may be paroled are those with serious medical conditions, minors, noncitizens who will be witnesses in government proceedings and "aliens whose continued detention is not in the public interest as determined by those officials identified in paragraph (a) of this section." *Id.* § 212.5(b). "Parole shall be automatically terminated without written notice (i) upon the departure from the United States of the alien, or, (ii) if not departed, at the expiration of the time for which parole was authorized." *Id.* § 212.5(e)(1). Otherwise, parole may be terminated on written notice "upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States." *Id.* § 212.5(e)(2)(i). A charging document served on the noncitizen "will constitute written notice of termination of parole, unless otherwise specified."

In *Ashish v. Att'y Gen.*, 490 F. App'x 486, 487 (3d Cir. 2013), the Third Circuit held that it lacked jurisdiction to review discretionary parole decisions:

> We do not have jurisdiction to review the Attorney General's exercise of discretion in decisions to grant or deny parole, 8 U.S.C. §§ 1182(d)(5)(A) & 1252(a)(2)(B)(ii), nor can Petitioners claim a due process violation for the denial of this discretionary relief. *Hernandez v. Gonzales*, 437 F.3d 341, 346 (3d Cir.2006) ("Aliens who seek only discretionary relief ... have no constitutional right to receive that relief.").

District courts have extended this holding to decisions revoking or terminating parole. *See Arcos Tasigchana v. Soto*, No. CV 25-18252 (ZNQ), 2026 WL 266170, at *2 (D.N.J. Feb. 2, 2026) (finding that the Court is barred from exercising jurisdiction over the discretionary decision to

terminate the petitioner's parole); *Salem, v. Tsoukaris*, No. 25-17414 (MAS), 2026 WL 458302, at *2 (D.N.J. Feb. 18, 2026) (holding that the petitioner's challenge to his revocation of parole cannot serve as a basis for habeas relief because the Court has no authority to review the Government's decision regarding the revocation of humanitarian parole). *But see Marcano v. Jamison*, No. CV 26-239, 2026 WL 196504, at *2 (E.D. Pa. Jan. 26, 2026) (finding that § 1252(a)(2)(B)(ii) does not strip the Court of jurisdiction to review the process by which parole was terminated and finding that DHS did not satisfy the written notice precondition to lawful termination).

Petitioner relies on recent district courts that have found jurisdiction to consider challenges to the process used to terminate parole. *See Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 141-42 (W.D.N.Y. 2025) (quoting *Mantena v. Johnson*, 809 F.3d 721, 728 (2d Cir. 2015)) ("As the Second Circuit has held, however, even when a 'statute strips jurisdiction over a substantive discretionary decision, [it] does not strip jurisdiction over procedural challenges.'"). These decisions consider whether the petitioner was afforded a case-by-case procedural assessment in compliance with § 1182(d)(5)(A). *See Orellana v. Francis*, No. 25-CV-04212 (OEM), 2025 WL 2402780, at *6 (E.D.N.Y. Aug. 19, 2025) (holding that respondents violated the APA by failing to make a "case-by-case" determination as to the revocation of the petitioner's parole, and also failed to demonstrate that the petitioner received adequate notice of his parole revocation); *Mata Velasquez*, 794 F.Supp.3d at 153 (quoting *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1145-46 (D. Or. 2025)) (finding a risk of erroneous deprivation, where, "[d]espite the [G]overnment's previous finding to the contrary, it has not provided 'a reasoned explanation or any changed circumstances,' that would support a decision that 'neither humanitarian reasons nor public benefit warrants [the petitioner's] continued presence . . . in the United States[.]'").

In light of *Ashish*, 490 F. App'x at 487, however, this Court is not persuaded that it has jurisdiction to review the procedure afforded to Petitioner. Because this Court cannot delve into the discretionary decision-making of DHS, the Court finds that it lacks jurisdiction to review the merits of Petitioner's parole revocation.

And even if the Court has jurisdiction to review the issue, Petitioner would not be entitled to relief on his parole revocation claim. Here, the record shows that Petitioner was on notice that his parole authorization terminated automatically on August 21, 2024, one year from the date he was paroled, and the parties have not provided any evidence to suggest that it was expressly renewed. Moreover, even if his parole was renewed, Petitioner received a letter expressly stating that "[n]either urgent humanitarian reasons nor significant public benefit warrant continued parole at this time." (Pet. at 9; ECF No. 1-6.) Therefore, to the extent he was still paroled, Petitioner received sufficient notice of the termination and the reasons for it.

Accordingly, Petitioner's Amended Petition is denied.

**c. Petitioner's TRO Motion**

Federal Rule of Civil Procedure 65 governs TROs and preliminary injunctions. A court may grant temporary restraints only if a movant establishes the following: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent relief; (3) the balance of equities favors relief; and (4) an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasizing that injunctive relief is an extraordinary remedy requiring a clear showing of entitlement). The Third Circuit has clarified that likelihood of success and irreparable harm are gateway factors such that if those factors are not satisfied, injunctive relief must be denied. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176–79 (3d Cir. 2017). Accordingly, a movant must meet the threshold for the first two factors in that it can (1) succeed on the merits, which

requires a showing "significantly better than negligible but not necessarily more likely than not" and (2) that it is "more likely than not to suffer irreparable harm" in the absence of relief." *Id.* at 179.

Petitioner argues that he is likely to succeed on the merits of his Petition as it relates to the unlawful revocation of his § 1182(d)(5)(A) parole claim because in recent months, numerous district courts have held that re-detention of parolees without any individualized process relating to their parole revocations violates procedural due process. (*See* TRO Mtn. at 11.) Because the Court denies the amended Petition, it also denies the TRO motion.[2]

**d. Petitioner's Detention under Section § 1225(b)(1) Following his Release on Parole**

Notably, in the Court's initial decision granting relief, it noted that the parties appeared to agree that Petitioner was detained under Section 1225(b)(1); the Court granted relief based on Petitioner's prolonged detention and did not consider whether he was properly detained under Section 1225(b)(1) following his revocation of parole, as Petitioner did not raise that argument. The law in this area has evolved rapidly. And since the Court decided the original Petition, the majority of courts in this District, including this Court, have interpreted § 1182 (d)(5)(A) and held that former parolees do not necessarily revert to the detention statute from which they were paroled. *See Murillo-Castillo v. Florentino*, No. 25-16728, 2026 WL 1383062, at *5 (D.N.J. May 18, 2026) (rejecting the argument that 8 U.S.C. § 1182(d)(5)(A) necessarily returns a noncitizen arrested in the interior of the United States to the detention status he held prior to parole and releasing petitioner who was unlawfully detained under § 1225(b)); *Guzman v. Bondi*, No. 26-

---

[2] In his TRO Motion and his subsequent filings, Petitioner seeks immediate release based on a skin condition, a past history of strokes, and mental health issues, but he has not raised a standalone claim for habeas relief based on these allegations nor shown extraordinary circumstances sufficient to justify habeas jurisdiction. *See Hope v. Warden*, 972 F.3d 310, 324-25 (3d Cir. 2020).

1250, 2026 WL 1534682, at *2-5 (D.N.J. June 1, 2026). Petitioner, however, does not claim he is held under the wrong detention statute, and the Court declines to invite further amendments given that Petitioner is free to file a new petition. Nothing in this Memorandum and Order prevents Petitioner from filing a new action raising this claim or any other claim he has not previously raised. The remaining pro se motions seeking expedited treatment and relief based on medical conditions are denied for the reasons stated in FN 3. (ECF Nos. 27-30.) This matter shall be marked CLOSED, but the Order staying his transfer from New Jesey shall remain in effect for 14 days, at which time it shall expire.[3]

**THEREFORE,** it is on this 8th day of September 2026**,**

**ORDERED** that the Motion for Leave to File Amended Petition for Writ of Habeas Corpus (ECF No. 14) is GRANTED;

**ORDERED** that the Amended Petition for Writ of Habeas Corpus (ECF No. 14-4) is DENIED WITHOUT PREJUDICE;

**ORDERED** that the Motion for Temporary Restraining Order (ECF No. 20) is DENIED for the reasons stated in this Memorandum Opinion and Order; and it is further

**ORDERED** that the motions and requests for relief pending at ECF No. 27-31 are DENIED; and it is further

**ORDERED** that the Petition is DISMISSED and further leave to amend in this action is DENIED, but the dismissal is WITHOUT PREJUDICE to filing a new petition to the extent Petitioner seeks relief on the basis that he is unlawfully detained under Section 1225(b)(1) or seeks to raise other cognizable claims not adjudicated in this action; and it is further

[3] The Court leaves the stay in place for 14 days should Petitioner elect to file a new Section 2241 case.

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Petitioner at the along with a blank Section 2241 habeas form to Petitioner at the address below:

MAKSADDZHON AKHMEDOV
A246-917-721
Elizabeth Contract Detention Facility
625 Evans Street
Elizabeth, NJ 07201; and it is further

**ORDERED** that if Petitioner wishes to file a new case, he may fill out the Section 2241 form and submit the $5 filing fee or an affidavit of indigence; and it is further

**ORDERED** that this case shall be marked as CLOSED.

***s/ Madeline Cox Arleo***
**MADELINE COX ARLEO**
**United States District Judge**